FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 02 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**CHRISTOPHER CONN, Individually and**     **PLAINTIFF**
**on Behalf of Others Similarly Situated**

vs.     No. 4:17-cv-_295-JLH_

**METRO TECH SERVICE CORP.**     **DEFENDANT**

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Kearney_

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Christopher Conn ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant Metro Tech Service Corp. ("Defendant"), for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").[1]

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest;

---

[1] This action is substantially similar to the now resolved *Blystone et al v. Metro Tech Service Corp.* U.S.D.C. M.D. Tenn. 3:16-cv-942 (2016), save that the present action is distinguished by the residence of the parties.

costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II.   JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5.      A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, individually and on behalf of all others similarly situated, within the Little Rock Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.      Plaintiff is an individual and resident of Lonoke County, Arkansas.

7.      Defendant Metro Tech Service Corp. is a foreign for-profit corporation registered to do business in the State of Arkansas.

8.      Defendant's principal place of business is 2440 Ravine Way, Suite. 200, Glenview, Illinois 60025-7649.

9. Defendant maintains a website at http://www.metrotechhvac.com/.

10. Defendant sells goods and services related to heating and cooling of businesses.

11. Defendant's services include installation, replacement, repair and maintenance of retail store air conditioning and heating units.

12. The registered agent of Defendant is The Corporation Company at 425 West Capitol Avenue, Suite 1700, Little Rock, Arkansas 72201.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14. To provide its services related to installation, replacement, repair or maintenance of retail store air conditioning and heating units, Defendant hires individuals including Plaintiff (referred to herein as "HVAC employees").

15. The duties of an HVAC employee for Defendants are to drive to service locations, install or replace HVAC units, and repair and service HVAC units.

16. One hundred fifty or more individuals worked as HVAC employees for Defendant within the three years preceding the filing of the Original Complaint.

17. At all relevant times, Plaintiff and all other HVAC employees handled goods, including, but not limited to, hand tools, HVAC tools, HVAC equipment, or vehicles, that had been moved in interstate commerce.

18. For each of the three calendar years preceding the filing of the Original Complaint in this case, Defendant's annual gross volume of sales made or business done

was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

19. At all times relevant to this Complaint, Defendant employed more than four employees.

20. At all relevant times, Defendant was Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21. At all relevant times, Defendant was an employer to other HVAC employees and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22. At all relevant times, Defendant was Plaintiff's employer under the AMWA.

23. At all relevant times, Defendant was an employer to other HVAC employees under the AMWA.

24. Defendant directly hired Plaintiff and other HVAC employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. Plaintiff performed the duties of an HVAC employee for Defendant from approximately April of 2015 to November of 2016.

26. Defendants paid Plaintiff an hourly rate in exchange for his services as an HVAC employee.

27. Defendants paid all other HVAC employees an hourly rate in exchange for their services as HVAC employees.

28. As an HVAC employee for Defendant, Plaintiff was required to depart from his home each morning and travel to various service locations in Arkansas, Mississippi and Tennessee throughout the day, based on the needs of Defendant's customers. Plaintiff recorded his time initially on a handheld device and then later on an application on his cellular phone called "Astea."

29. Plaintiff regularly and repeatedly worked "off the clock," which allowed Defendant to avoid paying Plaintiff proper compensation for all hours worked.

30. Specifically, Plaintiff was only compensated for time worked beginning one hour after he left his home for the day and ending one hour before he arrived back at his home at the end of the workday.

31. However, Plaintiff was regularly required to perform compensable work outside of the time period with which Defendant allowed Plaintiff to be on the clock.

32. He was not compensated for this work.

33. For example, while "off the clock," Plaintiff was required to perform regular vehicle inspections and complete a vehicle inspection report, gather data from Defendant to schedule his route for the day, gather and load equipment, gather quotes, and purchase equipment from parts stores.

34. Additionally, at all times, Plaintiff was required to be "on call" for emergency telephone calls. During this "on call" time, Plaintiff regularly received telephone calls from Defendant and Defendant's customers outlining an urgent customer need. Plaintiff would then have to do significant follow-up work to address the issue, including speaking with the customer about the problem, devising a plan to remedy the problem, scheduling a

time to fix the problem, and even locating and scheduling another employee of Defendant to perform the repair if Plaintiff was unavailable.

35. Plaintiff regularly worked more than forty hours per week.

36. Other HVAC employees regularly worked more than forty hours per week.

37. Defendant did not pay Plaintiff any overtime premium for any hours that he worked over forty per week.

38. Defendant did not pay any other HVAC employees any overtime premium for any hours that they worked over forty per week.

39. Defendant knew or should have known of their obligation to pay Plaintiff and other HVAC employees one and one-half times their regular rate for all hours worked over forty per week.

## V. FLSA § 216(b) SIMILARLY SITUATED ALLEGATIONS

40. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

41. Plaintiff and the other HVAC employees are similarly situated in that they worked for Defendant, performed the same job duties, were paid a base hourly rate, were required to perform "off the clock" work, were not paid overtime, and regularly worked more than forty hours per week.

42. Other HVAC employees exist and are similarly situated to Plaintiff because a prior FLSA lawsuit by another employee made similar factual allegations on behalf of other HVAC employees. *Blystone et al v. Metro Tech Service Corp.* U.S.D.C. M.D. Tenn. 3:16-cv-942 (2016).

## VI. LEGAL ALLEGATIONS

43. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. FLSA Overtime Violations (Individual)

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

45. Defendant failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked over forty (40) hours per week.

46. Defendant knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

47. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B. FLSA Overtime Violations (Class)

48. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

49. Defendant failed to pay HVAC employees other than Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

50. Defendant knew or should have known of its obligation to pay HVAC employees other than Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

51. By reason of the unlawful acts alleged herein, Defendant is liable to HVAC employees other than Plaintiff for, and HVAC employees other than Plaintiff seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### C.  AMWA Overtime Violations (Individual)

52. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

53. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week violation of the AMWA.

54. Defendant knew or should have known of its obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Conn, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. Certification of classes pursuant to the FLSA and the Federal Rules of Civil Procedure, with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more full by motion practice;

B. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

D. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

E. An order directing Defendants to pay Plaintiff and other similarly situated employees prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHRISTOPHER CONN,
Individually and on Behalf of
All Others Similarly Situated,
PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**CHRISTOPHER CONN, Individually and**          **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                    No. 4:17-cv-_____

**METRO TECH SERVICE CORP.**          **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

    I was employed as an hourly plant employee for Defendant Metro Tech Service Corp, LLC ("Defendant"), on or after April of 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation and under the Arkansas Minimum Wage Act. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

    I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____
CHRISTOPHER CONN

Date: May 2, 2017

/s/ Josh Sanford
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**